UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAMERON YOUNG

    Petitioner,

vs.

LIV GOLF, INC.

    Respondent.

CASE NO:

### PETITIONER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR DOCUMENTS AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM OF LAW

Petitioner, CAMERON YOUNG, through undersigned counsel, prays this Honorable Court for an order to Quash Plaintiffs' Subpoena for Documents and to testify at a Deposition and in support thereof would state the following:

1. The underlying case that gives rise to the subpoena is styled *Jones et al v. PGA Tour Inc.,* 5:22-cv-04486-BLF which is pending in the Northern District Court of California.

2. The *Jones* lawsuit was filed in August 2022 by LIV Golf, a new professional golf organization, and eleven of its players, against the PGA Tour, alleging that the PGA Tour has engaged in anticompetitive conduct that is hindering LIV's ability to participate in the professional golf market.

3. Mr. Cameron Young is a non-party residing in Palm Beach County, Florida. He was served a subpoena for documents and to testify in a deposition by Plaintiff LIV Golf, Inc. ("LIV") on March 31, 2023. (Exhibit A Subpoena & Exhibit B Proof of Service).

4. From the outset, Plaintiffs cast their case in terms of urgency, seeking a temporary restraining order and repeatedly fighting virtually any effort to extend the court's deadlines.

5. At the same time, Plaintiffs took advantage of the discovery rules to invade the privacy of and burden some of the world's most famous professional golfers and their agents—demanding documents and depositions—even as LIV's financers have vowed to fight any discovery into their own affairs all the way to the Supreme Court.

6. Those nonparties that Plaintiffs timely subpoenaed have complied, producing documents and making themselves available for depositions within the applicable deadlines set by the trial Court for the Northern District of California (the "Court").

7. But Plaintiffs' window for demanding discovery from others—including nonparties—closed on March 30, 2023, the deadline for "Written Discovery and Document Productions."

8. Under black-letter law, and as the Court (and Plaintiffs themselves) had recognized, that deadline applies to party and nonparty discovery alike.

9. Nevertheless, the day after the deadline lapsed, LIV sought to serve a document and deposition subpoena on nonparty Cameron Young with a West Palm Beach place of compliance.

10. LIV's frantic attempt to notice and serve Mr. Young by (or as close to) the March 30 deadline is no coincidence: it knew it had missed the cut but sought to circumvent the Court's order.

11. When Mr. Young raised the passage of the deadline, LIV backtracked, claiming that the deadline applied only to the parties. But LIV's position is unsupported by the record and belied by its own actions.

12. Indeed, LIV's position would suggest that the district court imposed no deadline for nonparty discovery, which makes little sense. The overbroad subpoenas seek unnecessarily to burden a nonparty and they are untimely.

FURTHER, in support of this Motion, non-party, CAMERON YOUNG, would refer this Honorable Court to the Memorandum of Law incorporated herein and by reference made a part hereof.

## MEMORANDUM OF LAW

### I. Background

Several players from a new golf league backed by Saudi Arabia's sovereign wealth fund ("LIV") commenced the underlying action on August 3, 2022 against the PGA Tour (the "Tour") based on allegations that the Tour engaged in anticompetitive practices to protect its purported monopoly on elite competitive golf. *See* Dkt. 83 (Amended Complaint). LIV joined the suit on August 26, 2022. *Id.* The Tour brought counterclaims against LIV, as well as the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and the Governor of PIF, Yasir Othman Al-Rumayyan (collectively, the "Third Parties"), claiming that PIF and Mr. Al-Rumayyan exercise effective ownership and control of LIV and tortiously interfered with and induced breaches of the Tour's contracts with professional golfers. *See* Dkt. 289 at 61-62, 80-82.

Cameron Young is a professional golfer competing on the PGA Tour. He is not a party to this suit. His name appears nowhere in the Complaint, Amended Complaint, Answer, Counterclaim, or Amended Counterclaim. *See* Dkts. 1, 83, 108, 289. For eight months—since the August 3, 2022 filing of the first complaint—Mr. Young remained an unburdened non-party.

During the pendency of their suit, Plaintiffs insisted on urgency and an expedited discovery schedule because, they claimed, the livelihood of the Plaintiff golfers was allegedly "on the line."

Feb. 24, 2023 Tr. (Dkt. 298) at 25-26; *see also* Aug. 18, 2022 Tr. (Dkt. 76) at 5-6; Dec. 16, 2023 Tr. (Dkt. 186) at 9:13-16.  The same day they filed their original complaint, Plaintiffs sought a temporary restraining order on the basis that the Tour's ongoing behavior was causing "irreparable harm" and "immeasurable injuries" to LIV golfers.  Dkt. 2 at 31.  The Court denied this motion, Dkt. 63, but has given "priority" to the case at Plaintiffs' repeated urging, *see* Feb. 24, 2023 Tr. (Dkt. 298) at 24:22-25:1.

The Court obliged Plaintiffs and set the non-expert discovery cutoff for March 3, 2023. Dkt. 92 at 8.  And when Defendant sought in December 2022 to extend the non-expert discovery cutoff from March 3, 2023 to May 26, 2023, Dkt. 181 at 2, Plaintiffs insisted that such an extension was unnecessary and instead proposed to keep the March 3 cutoff for "Written Discovery & Document Production," but extend the deadline "to conduct depositions" to May 5, 2023.  *Id.* at 12-13.

In arguing to keep the Written Discovery and Document Production deadline, while extending the deposition deadline, Plaintiffs explained that their intent was to break off and keep the earlier "Written Discovery & Document Production" deadline to "have a deadline for *third-party* productions to encourage urgency from *non-parties*."  *Id.* at 13 (emphases added).  The Court considered these proposals at a December 16, 2022 Case Management Conference and ultimately adopted Plaintiffs' split cutoff, recognizing that the Written Discovery deadline would apply to third parties as well.  More specifically, Judge Freeman agreed to push the Written Discovery and Document Production cutoff to March 30, Dec. 16, 2022 Tr. (Dkt. 186) at 29:7-8, but "recognize[d] that the foreign discovery may not be wrapped up by that time," *id.* at 25:17-18.  Judge Freeman also agreed to push the Fact Witness Deposition Cutoff date to May 26, *id.* at 29:14-15, because

4

the parties have less control over scheduling depositions of third parties even pursuant to a subpoena, *id.* at 25:19-22.

The Court's intent was thus clear: the Fact Witness Deposition Cutoff date did not mean that a party could issue further subpoenas after the March 30 cutoff; it meant only that the parties could depose the "scores of third part[ies]" and nonparties already subpoenaed by the March 30 cutoff. *See* Dec. 16, 2023 Tr. (Dkt. 186) at 12:2-6; Dkt. 181 at 9 (noting the "limited number of business days between January and March" of 2023 to "prepare for the noticed depositions of each of these potential [third party] witnesses"). For example, during the February 24, 2023 Case Management Conference, the Court was explicit that it expected the parties to "have a deposition schedule by [the April 7, 2023 Case Management Conference]." Feb. 24, 2023 Tr. (Dkt. 298) at 45-46. This exhortation would make little sense if the parties had until May to serve (as opposed to just take) depositions.

On March 31, 2023—the day after the discovery cutoff—Plaintiffs represented to the Court in a Case Management Conference Statement that they had "listened and complied" with the Court's March 30, 2023 cutoff. Dkt. 378 at 2. But they had not. That same day, Plaintiffs served Mr. Young (and tried to serve four other nonparties) an untimely subpoena for documents and depositions.

At a court conference on April 7, 2023, the Northern District of California extended the Fact Witness Deposition Cutoff until June 30, 2023, Apr. 7, 2023 Tr. (Dkt. 411) at 61:5-25, to account for the more than 80 outstanding depositions. Dkt. 378 at 14. Plaintiffs represented to the Court that they met the March 30 deadline, confirmed deposition dates, and lined up witnesses. Apr. 7, 2023 Tr. (Dkt. 411) at 5:7-10. None of this was true as to Mr. Young. Notably, the Court did not extend the March 30 cutoff, as neither party had asked it to do so. Dkt. 378 at 2, 9. In

extending the Fact Witness Deposition Cutoff, the Court recognized that the time to subpoena nonparties may have already passed. Apr. 7, 2023 Tr. (Dkt. 411) at 39:18-22. In fact, the Court granted Defendant a narrow extension of the March 30 deadline to subpoena nonparties who had communicated with PIF or Mr. Al-Rumayyan—who are accused of stonewalling discovery—Mr. Young was not among them. *Id.*

On April 11, 2023, Mr. Young's counsel reached out to LIV's counsel to discuss the subpoenas, including the fact that they were untimely, as well as the unreasonable scope of the subpoenas, and the unreasonable burden inherent in imposing such sweeping discovery obligations on a non-party. The parties met and conferred on April 13, 2023, at which time LIV insisted that the March 30, 2022 cutoff for Written Discovery & Document Production applied only to the parties and that there was effectively no deadline for nonparties.

**II. Legal Standard**

Rule 45 subpoenas "constitute pretrial discovery that must be *served* within the specified discovery period." *Fed. Deposit Ins. Corp. v. BayOne Real Est. Inv. Corp.*, No. 15-CV-2248 (BLF) (SVK), 2017 WL 1316888, at *1 (N.D. Cal. Apr. 10, 2017) (Van Keulen, J.) (emphasis added). In the Southern District of Florida, a "non-party deposition[] must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date." S.D. Fla. R. 26.1(d); *see also Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-1702 (BLF) (SVK), 2018 WL 3399574, at *1 (N.D. Cal. May 14, 2018) (Van Keulen, J.) ("The discovery cutoff is the deadline for discovery to be *completed*, not the deadline for discovery requests to be served.") (emphasis in original). Failure to comply with the cutoff date as described above "obviates the need to respond or object to the discovery, appear at the deposition, or move for a

6

protective order." S.D. Fla. R. 26.1(d).  Untimely subpoenas are quashed or not enforced.  *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (granting motion for protective order where request for the production of documents extended beyond the discovery cutoff); *see also Equal Emp. Opportunity Comm'n v. Am. Tool & Mold, Inc.*, No. 8:12-CV-2772, 2013 WL 12155818, at *1 (M.D. Fla. Sept. 23, 2013) (denying motion to compel discovery requests because subpoena was untimely).

More generally, Rule 45 governs subpoenas issued to non-parties and "protects the subpoena recipient by requiring the issuer 'to take reasonable steps to avoid imposing undue burden and expense on a person subject to the subpoena.'" *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) (quoting Fed. R. Civ. P. 45(d)(1)).  Rule 26 further allows a court to, "for good cause, issue an order to protect a party or person from . . . undue burden or expense" by, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Rule 45 sets out several mandatory and discretionary grounds for "the district where compliance is required" to quash a subpoena, *see* Fed. R. Civ. P. 45(d)(3), but these are not exhaustive.  *Jordan*, 947 F.3d at 1329; *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-3393, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.").  All civil discovery, "whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) and must be 'relevant to any party's claim or defense'" and "'proportional to the needs of the case.'" *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)).  When considering "a discovery

7

dispute involving a nonparty, the nonparty's status is considered by the court in assessing the burden of complying with the discovery request." *In re Photochromic Lens Antitrust Litig.*, No. 8:10-MD-2173, 2012 WL 12904391, at *2 (M.D. Fla. Dec. 20, 2012). Courts "must give the recipient's nonparty status 'special weight'" and conduct an "even more 'demanding and sensitive' inquiry" into "whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Jordan*, 921 F.3d at 189 (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)). In addition to the enumerated grounds, "a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Jordan*, 947 F.3d at 1329.

### III. Argument

LIV's subpoena is untimely. Court deadlines are to be "taken seriously by the parties" because they "foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "[T]he best way to encourage" parties to take deadlines seriously "is to enforce" them. *Id.* The Court should do so here.

#### a. LIV's subpoena is untimely.

As discussed above, the relevant cutoff for fact discovery was March 30, 2023. *See supra* at 3-5. This means that, consistent with Local Rule 26.1, any "written discovery requests and subpoenas seeking the production of documents must [have been] served in sufficient time that the response is due on or before" March 30, 2023. S.D. Fla. R. 26.1(d). This subpoena was not. Plaintiffs not only failed to allow for sufficient time for Mr. Young to respond by the March 30, 2023 cutoff—the Subpoena demands documents by April 18, 2023—they failed even to *serve* the Subpoena by the discovery cutoff. And while the Subpoena does call for Mr. Young's deposition within the cutoff for Fact Witness Depositions, it is clear that Plaintiffs sought and the Court granted a short extension of time to allow for scheduling of timely, previously noticed depositions;

there is no basis for concluding that the Court intended to extend the deadline to serve Rule 45 pretrial subpoenas. *See supra* at 4.

Mr. Young's nonparty status does not change the discovery cutoff. *MedImmune, LLC v. PDL Biopharma, Inc.*, No. 08-CV-5590, 2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010) ("[T]his court finds that the better view (espoused by the majority of jurisdictions) is that, with certain exceptions not present here, Fed. R. Civ. P. 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period."); *Fed. Deposit Ins. Corp.*, 2017 WL 1316888, at *1 (Van Keulen, J.) (same). This Court should reject LIV's attempt to "circumvent the Court's discovery deadline" through a Rule 45 subpoena. *Dear v. Q Club Hotel, LLC*, No. 15-CV-60474, 2017 WL 5665357, at *2 (S.D. Fla. May 18, 2017); *see also Edwards v. Speedway*, LLC, No. 18-CV-23091, 2019 WL 13066872, at *2 (S.D. Fla. Aug. 27, 2019).

Plaintiffs also have literally no excuse for the delay. This is not a case in which Plaintiffs belatedly discovered that Mr. Young might have information that could be of interest in the litigation – although they have never set out any basis for believing he has such information even now. They had ample time to serve Mr. Young. As Plaintiffs made clear in their December 2022 Case Management Statement, Plaintiffs "initiated" Rule 45 subpoenas in September 2022 and saw no reason why then ongoing third-party and non-party discovery would "affect the Court's deadlines three months before the deadline." Dkt. 181 at 20. Plaintiffs could have subpoenaed Mr. Young at that time—and under the scheduling order and Rules they were required to do so. *See* Dkt. 204 at 3. Given that Plaintiffs were or reasonably should have been "aware of [his] identity," their delay in subpoenaing him "reveals a lack of diligence" that should not be rewarded. *Mount Vernon Fire Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:07-CV-1593, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008) (rejecting motion to shorten time to respond to discovery

9

in an attempt to make requests timely because "there ha[d] been ample opportunity to conduct discovery in th[e] case"). Accordingly, this Court should quash the untimely subpoena, or issue a protective order commanding the same.

### b. The Subpoena unnecessarily targets and burdens a non-party.

The Subpoena requests all communications between Mr. Young, a non-party, and the Tour and related entities and representatives concerning certain subjects. Ex. A, Req. 1. But "there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases); *see also Adams v. Symetra Life Ins. Co.*, No. 18-CV-378, 2020 WL 6469949, at *5 (D. Ariz. Nov. 3, 2020) ("Courts generally hold that where an opposing party and a nonparty both possess documents, the documents should be sought from the party to the case."); *TQP Dev. LLC v. Alaska Air Grp., Inc.*, No. 1:12-CV-3065, 2012 WL 13128182, at *2 (N.D. Ga. Nov. 28, 2012) ("[W]here the requested information can also be obtained from a party, courts have taken a more restrictive approach to compelling Rule 45 discovery from a non-party."); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2341963, at *5 (N.D. Fla. Apr. 26, 2022) (quoting *Jordan*, 921 F.3d at 189) (similar). Here, LIV has never explained why it is necessary to burden Mr. Young with requests for documents and information that are plainly obtainable from Defendant and closely related entities and representatives. The parties did not reach the issue in the April 12 meet and confer.[1]

Plaintiffs "could and should" obtain this information from Defendant and not unnecessarily burden Mr. Young. *Torre v. Charter Commc'ns, Inc.*, 2020 WL 7705940, at *1 (S.D.N.Y. Dec.

---

[1] A copy of Mr. Young's Responses and Objections to the Subpoena, dated April 14, 2023, is attached as C.

28, 2020) (quashing non-party subpoena that sought information "that could and should be obtained from . . . a party to this action"). Unless and until they do so, Plaintiffs' requests are unduly burdensome. *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-CV-7603, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (granting motion to quash subpoena that imposed undue burden because plaintiff did not attempt to obtain the requested documents from defendant before seeking them from third party); *Jones v. Raymond Corp.*, No. 22-MC-80074, 2022 WL 1304025, at *1 (N.D. Cal. May, 2 2022) (granting nonparty's motion to quash deposition subpoena where plaintiffs had "not shown that they first attempted to discover the information . . . from [Defendant]"). To the extent that LIV is unable to obtain this information from a party because of the Court's March 30, 2023 discovery cutoff, a Rule 45 subpoena is not a vehicle to skirt the Court's discovery cutoff. *Dear*, 2017 WL 5665357, at *2; *Edwards*, 2019 WL 13066872, at *2.

Further, the Subpoena requests "[a]ll Communications" with two individuals over the course of over two years without limitation. Ex. B, Reqs. 5-6. LIV made no attempt to limit the Subpoena to be relevant or proportional, especially considering Mr. Young's status as a nonparty. These requests are "untethered to the claims and allegations" and facially overbroad. *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, No. 19-CV-24821, 2020 WL 7493110, at *2 (S.D. Fla. Oct. 23, 2020).

## IV.   Conclusion

For the foregoing reasons, Mr. Young respectfully requests that the Court quash the Subpoena, or enter a protective order commanding the same.

## REQUEST FOR HEARING

**Undersigned counsel respectfully prays this Honorable Court for a hearing on the issue outlined in Petitioner's motion due to the complexity of the same. It is estimated that argument of counsel may take 30 minutes.**

## RULE 7.1 STATEMENT

Rule 45 does not impose a meet-and-confer requirement on non-parties before they file motions to quash subpoenas, but still, pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel with the law firm of Kaplan, Hecker & Fink, LLP conferred with Plaintiffs' Counsel who advised that the Plaintiffs object to the relief sought herein.

Respectfully submitted this 25th day of April 2023.

/s/ Jordan Wagner
Florida Bar No. 14852
**KIBBEY WAGNER PLLC**
73 SW Flagler Ave
Stuart, FL 34994-2140
Office: 772-444-7000
Fax: 772-872-5185
jwagner@kibbeylaw.com
diana@kibbeylaw.com

/s/ Sean Hecker
Sean Hecker
**KAPLAN HECKER & FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
shecker@kaplanhecker.com

*Attorneys for Cameron Young*
*\*Pro Hac Vice admission pending*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system on this 25th day of April 2023. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the matter specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

/s/ Jordan Wagner

Rachel Brass, Esq.
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Rbass@gibsondunn.com