**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATT JONES, *et al.*,<br><br>       Plaintiffs,<br><br>    *v.*<br><br>PGA TOUR, INC.,<br><br>       Defendant. | Case No. 5:22 Civ. 4486 (BLF) (SVK) |

**NON-PARTY CAMERON YOUNG'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' SUBPOENA FOR DOCUMENTS AND TESTIMONY**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Cameron Young, by undersigned counsel Kaplan Hecker & Fink LLP, hereby provides these responses and objections to Plaintiffs' subpoena in the above-captioned action to produce documents and for deposition testimony, dated March 30, 2023 (the "Subpoena"), as follows:

**GENERAL OBJECTIONS**

The following general objections and responses (the "General Objections") are incorporated into each specific objection and response (the "Specific Objections") as if fully set forth therein.

1. Mr. Young objects to the Subpoena to the extent that it provides an unreasonable amount of time to comply.

2. Mr. Young objects to the Requests to the extent that they are duplicative or cumulative or seek information that has been or will be provided through other means of discovery.

3. Mr. Young objects to the Requests to the extent that they impose any obligations or requirements broader than or inconsistent with the Federal Rules of Civil Procedure ("Rules") or any other applicable court rule or statute.

4. Mr. Young objects to the Requests to the extent that they are vague, ambiguous, overly

1

broad, unduly burdensome, seek information not relevant to the claims or defenses in the case, or are not proportional to the needs of the case, including in light of Mr. Young's status as a non-party and Plaintiffs' obligation to "take reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(d).

5.       Mr. Young objects to the Requests to the extent that they purport to call for information that: (a) is protected from disclosure by the attorney-client privilege; (b) constitutes attorney work product; (c) contains information protected from disclosure based on common interest or a similar privilege; or (d) is otherwise protected from disclosure by applicable privilege, law, or rule.  Mr. Young will not produce such information in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information.

6.       Mr. Young objects to the Requests to the extent that they seek information protected from disclosure by his right to privacy, including sensitive financial information and information concerning business prospects, and are not narrowly circumscribed to reach private information only to the extent necessary for a fair resolution of the case.

7.       Mr. Young objects to the Requests to the extent that they seek confidential or proprietary information, including but not limited to trade secrets, financial, strategic, or competitive commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

8.       Mr. Young objects to the Requests to the extent that they seek a third party's confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  Mr. Young will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

9.       Mr. Young objects to the Requests to the extent that they seek information protected by federal or state law.  Mr. Young will not disclose any information in violation of federal or state law, except to the extent permitted by an applicable exception or court order.

10. Mr. Young objects to the Requests to the extent that they seek information that is publicly available, already in Plaintiffs' possession, equally accessible to Plaintiffs, or reasonably obtainable through other means that are more convenient, less expensive, or less burdensome on Mr. Young.

11. Mr. Young objects to the Requests because the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

12. Mr. Young objects to the Requests because the Subpoena was not served in accordance with the Court's operative scheduling order (Dkt. No. 204).

13. Mr. Young objects to the Requests to the extent the Subpoena was improperly served under the applicable rules, laws, statutes, or regulations.

14. Mr. Young objects to the Definitions of "You" and "Your," and to Instruction No. 1, to the extent that they seek information that is not in his possession, custody, or control.

15. Mr. Young objects to the Definitions of "Communication" and "Document" to the extent that they purport to impose discovery obligations that are broader than or inconsistent with the Rules.

16. Mr. Young objects to the Definition of "New Tour" as vague, ambiguous, overly broad, and unduly burdensome insofar as it includes "any prospective or any new professional golf tour or league or promoter of professional golf events."

17. Mr. Young objects to the Definitions of the phrases "relate to," "related to," and "relating to" to the extent that they purport to impose discovery obligations that are broader than, or inconsistent with, applicable rules, laws, statutes, or regulations.

18. Mr. Young objects to the purported "time period relevant for these Requests" as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case or reasonably calculated to lead to the discovery of relevant information.

19. Mr. Young expressly reserves all rights and privileges under the Rules and any other applicable law or rule, including as to the competency, relevance, materiality, privilege, or admissibility of his Responses, as evidence in any subsequent proceeding in, or trial of, this or any other action, or for any other purpose whatsoever. The failure to assert such rights and privileges or the inadvertent disclosure by Mr. Young of information protected by such rights or privileges shall not constitute a waiver thereof, either with respect to these Responses or with respect to any further discovery objections or responses.

20. Mr. Young's Responses are not intended to be and shall not be construed as an agreement or concurrence with Plaintiffs' characterization of any facts, circumstances, or legal obligations. Mr. Young objects to the Requests to the extent that they contain express or implied assumptions of fact or law.

21. Mr. Young's Responses are subject to the protections of the Protective Order governing the handling of confidential material (Dkt. No. 111), any amended or additional protective order(s) that may be entered by the Court, and any stipulation governing the imaging, preservation, and production of documents (*e.g.*, Dkt. No. 110).

22. Mr. Young reserves the right to amend and/or supplement his Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTIONS

Request No. 1:

All Communications between You and the PGA Tour, the USGA, the Royal & Ancient, Augusta National, the PGA of America, OWGR, PGA Tour Board members, other PGA Tour Members, and/or the European Tour relating to LIV Golf, Saudi Arabia, the Public Investment Fund of the Kingdom of Saudi Arabia, Majed Al Sorour, Yasir Al-Rumayyan, Golf Saudi, the Premier Golf League, golfers who joined or considered joining LIV Golf or the Premier Golf League,

consequences for golfers joining LIV Golf or the Premier Golf League, the PGA Tour's response to potential competition, PGA 2.0, PGA Tour Designated Events, the Strategic Alliance, and/or the TGL.

Response to Request No. 1:

In addition to his General Objections, Mr. Young objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to the claims or defenses in the case and not proportional to the needs of the case, including because Mr. Young cannot reasonably ascertain the identities of those "golfers who . . . considered joining LIV Golf or the Premier Golf League." Mr. Young further objects to this Request, insofar as "consequence" is vague, overly broad, and ambiguous. Indeed, "consequence" ostensibly refers to anything 'produced by' 'or necessarily following from' "join[ing] LIV Golf or the Premier Golf League." Merriam-Webster Online Dictionary ("consequence"). Finally, Mr. Young objects to this Request because the burden on him to produce the responsive material outweighs its marginal relevance to Plaintiffs' claims and defenses in the case.

Subject to and without waiving the foregoing Responses and Objections, Mr. Young will not produce documents responsive to this Request because the Subpoena is untimely due to, among other reasons, its service after the applicable discovery deadline, and because Plaintiffs had knowledge, or with diligence should have had knowledge, of Mr. Young's purported relevance (if any) to their claims and defenses materially earlier than the Subpoena's date of issuance.

Request No. 2:

All Communications between You and anyone relating to or referencing a threat, risk, or imposition of a consequence if You or someone else contract with or join LIV Golf.

Response to Request No. 2:

In addition to his General Objections, Mr. Young objects to this Request because

5

"consequence" is vague, overly broad, and ambiguous, and because the Request seeks information not relevant to the claims or defenses in the case and not proportional to the needs of the case. Indeed, "consequence" ostensibly refers to anything 'produced by' 'or necessarily following from' "contract[ing] with or join[ing] LIV Golf." Merriam-Webster Online Dictionary ("consequence"). Mr. Young further objects to Request 3 to the extent that it is unreasonably cumulative or duplicative of Request 1. Finally, Mr. Young objects to this Request because the burden on him to produce the responsive material outweighs its marginal relevance to Plaintiffs' claims and defenses in the case.

Subject to and without waiving the foregoing Responses and Objections, Mr. Young will not produce documents responsive to this Request because the Subpoena is untimely due to, among other reasons, its service after the applicable discovery deadline, and because Plaintiffs had knowledge, or with diligence should have had knowledge, of Mr. Young's purported relevance (if any) to their claims and defenses materially earlier than the Subpoena's date of issuance.

Request No. 3:

All Documents and Communications relating to Your interest in LIV Golf.

Response to Request No. 3:

In addition to his General Objections, Mr. Young objects to this Request because "interest" is vague, overly broad, and ambiguous, and because the Request seeks information not relevant to the claims or defenses in the case and not proportional to the needs of the case. Indeed, "interest" ostensibly refers to anything 'that accompanies or causes special attention' because of "LIV Golf." Merriam-Webster Online Dictionary ("interest"). Mr. Young further objects to Request 3 to the extent that it is unreasonably cumulative or duplicative of Request 4. Finally, Mr. Young objects to this Request because the burden on him to produce the responsive material outweighs its marginal relevance to Plaintiffs' claims and defenses in the case.

Subject to and without waiving the foregoing Responses and Objections, Mr. Young will not

produce documents responsive to this Request because the Subpoena is untimely due to, among other reasons, its service after the applicable discovery deadline, and because Plaintiffs had knowledge, or with diligence should have had knowledge, of Mr. Young's purported relevance (if any) to their claims and defenses materially earlier than the Subpoena's date of issuance.

Request No. 4:

All Documents and Communications relating to Your decision to play or not to play in LIV Golf.

Response to Request No. 4:

In addition to his General Objections, Mr. Young objects to this Request as vague, overly broad, unduly burdensome, and ambiguous, and because the Request seeks information not relevant to the claims or defenses in the case and not proportional to the needs of the case. Mr. Young further objects to Request 4 to the extent that it is unreasonably cumulative or duplicative of Request 3. Finally, Mr. Young objects to this Request because the burden on him to produce the responsive material outweighs its marginal relevance to Plaintiffs' claims and defenses in the case.

Subject to and without waiving the foregoing Responses and Objections, Mr. Young will not produce documents responsive to this Request because the Subpoena is untimely due to, among other reasons, its service after the applicable discovery deadline, and because Plaintiffs had knowledge, or with diligence should have had knowledge, of Mr. Young's purported relevance (if any) to their claims and defenses materially earlier than the Subpoena's date of issuance.

Request No. 5:

All Communications with Jay Monahan.

Response to Request No. 5:

In addition to his General Objections, Mr. Young objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited in time or scope, and thus not proportional

7

to the needs of the case or reasonably calculated to lead to the discovery of relevant information. Mr. Young further objects to this Request because the burden on him to produce the responsive material outweighs its marginal relevance to Plaintiffs' claims and defenses in the case. Finally, Mr. Young objects to this Request to the extent that Plaintiffs can more reasonably obtain this discovery from Defendant PGA Tour, Inc.

Subject to and without waiving the foregoing Responses and Objections, Mr. Young will not produce documents responsive to this Request because the Subpoena is untimely due to, among other reasons, its service after the applicable discovery deadline, and because Plaintiffs had knowledge, or with diligence should have had knowledge, of Mr. Young's purported relevance (if any) to their claims and defenses materially earlier than the Subpoena's date of issuance.

Request No. 6:

All Communications with Seth Waugh.

Response to Request No. 6:

In addition to his General Objections, Mr. Young objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited in time or scope, and thus not proportional to the needs of the case or reasonably calculated to lead to the discovery of relevant information. Mr. Young further objects to this Request because the burden on him to produce the responsive material outweighs its marginal relevance to Plaintiffs' claims and defenses in the case. Finally, Mr. Young objects to this Request to the extent that Plaintiffs can more reasonably obtain this discovery from Defendant PGA Tour, Inc.

Subject to and without waiving the foregoing Responses and Objections, Mr. Young will not produce documents responsive to this Request because the Subpoena is untimely due to, among other reasons, its service after the applicable discovery deadline, and because Plaintiffs had knowledge, or with diligence should have had knowledge, of Mr. Young's purported relevance (if any) to their

claims and defenses materially earlier than the Subpoena's date of issuance.

Dated: April 14, 2023
New York, New York

*[signature]*

Sean Hecker
Mike Ferrara
Brandon Trice
Alysha Naik
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Phone: (212) 763-0883
shecker@kaplanhecker.com
mferrara@kaplanhecker.com
btrice@kaplanhecker.com
anaik@kaplanhecker.com

*Attorneys for Non-Party Cameron Young*

9